IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RAMON RESENDEZ-GONZALEZ, § § Movant, § VS. § § UNITED STATES OF AMERICA, § § Respondent. § § § | CIVIL ACTION NO. 3:17-CV-261 CRIMINAL ACTION NO. 3:15-CR-25 |

## **MEMORANDUM OPINION AND ORDER**

The Court sentenced Ramon Resendez-Gonzalez ("Resendez") to 62 months in prison on one count of illegal re-entry by a previously deported alien after an aggravated felony conviction (Dkt. 33).[1] Resendez appealed, and his appointed appellate counsel filed an *Anders* brief;[2] the Fifth Circuit dismissed the appeal as frivolous (Dkt. 40). Resendez now brings a collateral attack on his sentence under 28 U.S.C. § 2255 (Dkt. 42). The Court will dismiss the motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### I.  BACKGROUND

Resendez pled guilty in this Court to one count of illegal re-entry by a previously deported alien after an aggravated felony conviction; Resendez's extensive criminal history includes a 1983 Texas conviction for murder (Dkt. 33). *See* 8 U.S.C. §§ 1326(a),

---

[1] All docket entry numbers refer to the docket in the criminal matter.
[2] An *Anders* brief advises the court that counsel believes the case to be wholly frivolous and requests permission to withdraw. It must refer to anything in the record that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *United States v. Flores*, 632 F.3d 229, 232 (5th Cir. 2011).

1326(b)(2); *see also* 8 U.S.C. § 1101(a)(43)(A) (including murder in the definition of "aggravated felony"). This Court calculated a total offense level of 17 under the 2015 edition of the United States Sentencing Guidelines. The Court calculated a criminal history total of 13, which placed Resendez in Criminal History Category VI; placement in that category combined with a total offense level of 17 produced a Sentencing Guidelines range of 51 to 63 months. The Court sentenced Resendez to 62 months.

Resendez appealed. The Federal Public Defender's Office filed a thorough 39-page *Anders* brief in the Fifth Circuit explaining the manner in which the Court calculated Resendez's sentence and ultimately concluding that there was no legally nonfrivolous appellate challenge to that sentence. *See* Fifth Circuit Docket Number 16-40818. The Fifth Circuit agreed with the Federal Public Defender's assessment, allowed the Federal Public Defender to withdraw, and dismissed the appeal (Dkt. 40). Resendez then filed this motion, in which he argues that: (1) his trial counsel failed to object when the Court improperly calculated his Guidelines range without using the modified categorical approach to sentencing; (2) his trial counsel failed to object when the Court improperly calculated his Guidelines range using stale convictions; and (3) the 62-month sentence is unconstitutionally excessive (Dkt. 42 at pp. 2–3).

## II.    SECTION 2255

28 U.S.C. § 2255 allows federal prisoners to collaterally attack their convictions; but the circumstances under which they can use it are tightly cabined because the federal courts presume that a defendant stands fairly and finally convicted after the right to direct appeal has been exhausted or waived. *United States v. Cervantes*, 132 F.3d 1106, 1109

(5th Cir. 1998). In keeping with that presumption, a claim raised and rejected on direct appeal will not be considered on collateral review. *United States v. Webster*, 392 F.3d 787, 791 & n. 5 (5th Cir. 2004). Additionally, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Essentially, "[r]elief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.*

Questions of "constitutional or jurisdictional magnitude" may be raised for the first time on collateral review—*Cervantes*, 132 F.3d at 1109—if the defendant "demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994). A Section 2255 petitioner may satisfy the cause-and-prejudice standard by showing that he received unconstitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Resendez is evidently attempting to do just that—he alleges that his trial counsel was ineffective in that he failed to raise the issues about which Resendez now complains (Dkt. 42 at p. 2). With that in mind, the Court will address Resendez's claims through the prism of his assertion that he received ineffective assistance of counsel.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are governed by the well-established, and demanding, standard set forth in *Strickland v. Washington*. In order to prevail, a

criminal defendant must show that counsel failed to act reasonably considering all the circumstances and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment; and the defendant cannot meet the "reasonable probability" standard without showing a substantial, as opposed to conceivable, likelihood of a different result. *Id.* "As [the Fifth Circuit] has interpreted *Strickland*, counsel is not required to make futile motions or objections." *Garcia v. Stephens*, 793 F.3d 513, 525 (5th Cir. 2015) (quotation marks omitted). The prejudice prong of the *Strickland* test may be addressed before the performance prong, as the absence of either prong is dispositive. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

## IV. **RESENDEZ'S CLAIMS**

### A. Improper calculation of the Guidelines range

Resendez's first two claims argue that his counsel should have objected to the Court's improper calculation of his Sentencing Guidelines range. These claims are frivolous. As noted above, Resendez's appellate counsel filed a detailed *Anders* brief that painstakingly outlined this Court's calculation of Resendez's Guidelines range and included two tables explaining exactly how the Court arrived at Resendez's total offense level and criminal history total. The Fifth Circuit agreed with the Federal Public Defender's assessment that there is no legally nonfrivolous appellate challenge to

Resendez's sentence. Resendez's counsel was not required to make futile objections to a properly calculated Guidelines range. The Court rejects these claims.

## B. Unconstitutional excessiveness

In his third claim, Resendez contends that his counsel should have argued that his sentence is so disproportionate to his offense as to constitute cruel and unusual punishment. The Court rejects this claim as well.

Again, the Court sentenced Resendez within the properly calculated Guidelines range. It is, by all indications, extremely difficult—if it is possible at all—to establish that a sentence within the applicable Guidelines range is so excessive as to violate the Eighth Amendment's Cruel and Unusual Punishments Clause. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) ("Because Cardenas's 100–month term of incarceration is within the applicable guideline range, 100–125 months, and the Fifth Circuit has concluded that the Guidelines are a convincing objective indicator of proportionality, the Eighth Amendment challenge is without merit.") (quotation marks and citation omitted). The cases make clear that successful showings of unconstitutional disproportionality "are exceedingly rare, because courts should defer to Congress." *United States v. Farrar*, 876 F.3d 702, 715–16 (5th Cir. 2017) (quotation marks omitted). As a result of that deference to legislatures, far more draconian sentences than Resendez's have been upheld against charges of disproportionality. *See, e.g., Rummel v. Estelle*, 445 U.S. 263, 284–85 (1980) (holding that a mandatory life sentence imposed under Texas's three-strike recidivist statute did not violate the Eighth Amendment when the three crimes were credit card fraud in the amount of $80.00; forging a check in the

amount of $28.36; and "obtaining $120.75 by false pretenses"). And, more particularly, the Fifth Circuit has repeatedly rejected Eighth Amendment disproportionality claims brought by defendants convicted of illegal re-entry after a felony conviction; notably, the defendants in several of those cases had not, as Resendez has, been convicted of murder while in the United States. *See, e.g., United States v. Rios-Nolasco*, 421 Fed. App'x 463, 2011 WL 1364218, at *1 (5th Cir. 2011) ("A 57–month sentence for a first illegal reentry offense by a defendant with a prior felony conviction for transportation of illegal aliens is not grossly disproportionate to the crime."); *United States v. Garcia*, 399 Fed. App'x 861, 2010 WL 4272695, at *1 (5th Cir. 2010) ("A 72–month sentence for a first illegal reentry offense by a defendant with a prior felony conviction for burglary of a habitation is not grossly disproportionate to the crime."). Resendez's counsel did not provide ineffective assistance by opting not to object to Resendez's sentence as disproportionate to his offense.

Resendez did not receive ineffective assistance of counsel. He has not established either a transgression of his constitutional rights or an injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Without such a showing, his claims for relief under Section 2255 fail, and his motion under that section is denied.

V. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Resendez's motion for relief pursuant to 28 U.S.C. § 2255 (Dkt. 42) is **DENIED.**

2. A certificate of appealability is **DENIED**.

3. Civil Docket 3:17-CV-261 is **CLOSED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on January 3, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE